# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHRISTOPHER J. GILKEY,

    *Plaintiff,*

vs.

Case No. 12-1150-EFM

PROTECTION ONE ALARM
MONITORING, INC.,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Christopher J. Gilkey filed this employment discrimination lawsuit against his former employer, Defendant Protection One Alarm Monitoring, Inc. Gilkey alleges that he was subject to retaliation, wrongful termination, harassment, and a hostile work environment by his former coworkers at Protection One in Wichita, Kansas. Protection One now moves to dismiss the harassment and hostile-work-environment claims for lack of subject-matter jurisdiction because Gilkey failed to exhaust administrative remedies on this claim prior to filing his lawsuit. Protection One also moves for summary judgment in its favor on Gilkey's claims of retaliation and wrongful termination. Because Gilkey did not exhaust his administrative remedies on his harassment/hostile-work-environment claim and failed to establish a genuine issue of fact on his racial discrimination and retaliation claims, the Court grants both of Protection One's motions.

# I. Factual and Procedural Background

*Local Rules for Summary Judgment*

In accordance with summary judgment procedures, the Court has set forth below the uncontroverted facts as related in the light most favorable to the nonmovant, Plaintiff Christopher Gilkey. The Court notes that Gilkey proceeds pro se, and therefore must be afforded some leniency in his filings.[1] A pro se litigant, however, is still expected to "follow the same rules of procedure that govern other litigants."[2] In this case, Gilkey labeled many of Defendant Protection One's factual assertions as contested, but failed to specifically controvert Protection One's statements. Our local rule provides that "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."[3] Therefore, the Court has deemed admitted some facts that Gilkey claims are still at issue, but failed to specifically controvert. Furthermore, much of the evidence that Gilkey cited to as support for his factual assertions is inapposite because it is either superfluous or nonresponsive to Protection One's allegations, or because Gilkey has attempted to supplement the record without first authenticating exhibits by affidavit or deposition testimony.[4]

Plaintiff Christopher Gilkey was employed with Defendant Protection One from approximately June 2, 2010, until his termination on June 1, 2011. Protection One is a security

---

[1] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

[2] *Id.*

[3] D. Kan. Rule 56.1(a).

[4] *See Keeler v. Aramark*, 418 F. App'x 787, 791 (10th Cir. 2011) (citing *Kay*, 500 F.3d at 1218) (stating that, although courts must afford pro se litigants leniency, "they have no obligation to advise such a litigant of the authentication requirement, for even pro se litigants are expected to 'follow the same rules of procedure that govern other litigants'").

company that provides security services to homes and business. Gilkey was a Residential Security Consultant ("RSC"), and his responsibilities included selling services to achieve a recurring monthly revenue ("RMR"). An employee's RMR is the primary factor for evaluating an RSC's performance.

In his year of employment with Protection One, Gilkey met the minimum RMR goal only twice. Gilkey otherwise averaged less than 50% of the sales goal.[5] Three other RSCs, whom Gilkey describes as Caucasian, averaged 116%, 110%, and 77% of their RMR goals. On three occasions, branch manager Rick Delloma placed Gilkey on Performance Improvement Plans. Despite warnings that failure to comply with the plans could result in termination, Gilkey did not achieve the goals set forth in the plans.

On May 20, 2011, Gilkey filed an internal grievance through Protection One's third party web-based complaint system, EthicsPoint, and made several calls to the corresponding hotline to update the initial complaint. Gilkey's EthicsPoint complaint alleged that several Protection One employees—including Delloma and Betsy Scott, Vice President of Human Resources—engaged in misconduct or inappropriate behavior during the preceding year. The complaint relates a series of confrontations between Gilkey and other Protection One employees and supervisors. None of the recounted incidents include references to race or behavior that could be described as racially-motivated. Gilkey alleges the incidents described in the complaint constitute harassment because Gilkey is African American and the other people cited in the complaint are Caucasian.

When EthicsPoint receives a complaint, the system sends an e-mail notification to Betsy Scott in human resources, members of the legal department, and the CEO of Protection One.

---

[5] Protection One asserts that Gilkey averaged 44% of the sales goal. Def.'s Mem. in Supp. of Summ. J., Doc. 28, at ¶ 26. Gilkey contends he averaged 24%. Pl.'s Resp. to Def.'s Mot. for Summ. J., Doc 29, at ¶ 26.

Generally, Scott will then access the EthicsPoint system, review the complaint, and determine how to proceed. No other Protection One personnel review EthicsPoint complaints. Because Scott was specifically named in Gilkey's complaint, EthicsPoint did not include her in the automatic e-mail notification about Gilkey's complaint. Scott and Delloma attest that neither of them received notice that Gilkey had filed a complaint against Protection One personnel. Gilkey's complaint evidently slipped through the cracks, because records show that, as of August 2012, the report was listed as "unreviewed."

Gilkey was terminated effective June 1, 2011, for failing to meet Protection One's RMR goals. The decision to terminate Gilkey was made exclusively by Delloma with approval from Scott. Gilkey does not contest the fact that he was terminated for failing to meet sales goals.[6]

Gilkey filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on approximately July 7, 2011, and cross-filed with the Kansas Human Rights Commission on approximately July 18, 2011. In his EEOC charge, Gilkey check-marked the boxes for racial discrimination and retaliation and made the following allegations:

> I was discharged from my position as a Residential Security Consultant (RSC) allegedly because I was not at 100% of plan. There were about fifteen RSC employees and only a few were at 100% to plan.
>
> I am aware that white RSC employees who were not 100% to plan were not discharged.
>
> I believe that I was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, by being discharged because of my race, black-African American and retaliation.[7]

---

[6] *See* Pl.'s Resp. to Def.'s Mot. for Summ. J., Doc. 29, at 1 (listing as an uncontroverted fact Protection One's assertion in paragraph 24 of their memorandum, that "Gilkey agrees that he was terminated for failing to meet his sales goals.").

[7] EEOC Charge, Doc. 28-14, at 4.

The EEOC dismissed Gilkey's complaint after an investigation failed to find any violation.

Gilkey then filed suit in this Court, alleging that throughout his employment with Protection One, he was subjected to repeated acts of racial discrimination in violation of Title VII of the Civil Rights Act of 1964.[8]  Specifically, Gilkey seeks redress for four alleged violations of Title VII: (1) hostile work environment, (2) harassment, (3) retaliation, and (4) wrongful termination.  Protection One now seeks to dismiss Gilkey's first two claims, and to obtain summary judgment on the remaining two claims.

## II.  Analysis

Before the Court are two motions from Protection One, which the Court will address in turn.  First, Protection One moves to dismiss Gilkey's claims that he was subjected to a hostile work environment and harassment.  Protection One claims that the Court lacks jurisdiction over those two claims because Gilkey did not, either explicitly or implicitly, present those claims to the EEOC, thereby failing to exhaust his administrative remedies.  Second, Protection One requests summary judgment on Gilkey's claims of retaliation and wrongful termination on the grounds that no reasonable jury could find that Gilkey's termination was a retaliatory or discriminatory act.  For the reasons set forth below, the Court agrees with Protection One's arguments and grants both motions.

### A.  Dismissal for Failure to Exhaust Administrative Remedies

As an initial matter, the Court must clarify Gilkey's claims.  In his pro se complaint, Gilkey checked the line indicating that his suit involved a claim of harassment.  He also wrote in

---

[8]  42 U.S.C. § 2000(e) *et seq.*

the phrase "hostile work environment" underneath the option for "other conduct."[9] Generally, claims of harassment in the workplace and hostile work environment are one and the same.[10] Therefore, by alleging that Protection One engaged in harassment and created a hostile work environment, Gilkey has pleaded only one violation of Title VII. The Court will henceforth refer to the claim as Gilkey's hostile-work-environment claim, and the disposition of that claim applies to both of Gilkey's alleged claims.

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for the dismissal of any claim when the court lacks subject-matter jurisdiction.[11] Federal courts are courts of limited jurisdiction.[12] A federal court cannot obtain jurisdiction over a suit brought under Title VII unless the plaintiff first exhausts administrative remedies for each discrete discriminatory and retaliatory act.[13] If the plaintiff does attempt to obtain administrative relief by first filing a complaint with the EEOC, the court's jurisdiction is limited to issues that are reasonably expected to arise from the claims filed with the EEOC.[14] The burden of proof is on

---

[9] Compl., Doc. 1, at 3.

[10] *See, e.g.*, *Harris v. Forklift Sys., Inc.*, 510 U.S. 27, 20 (1993) (referring to the plaintiff's claim as a claim of "'abusive work environment' harassment"); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002) (noting that "in direct contrast to discrete acts, a single act of harassment may not be actionable on its own"); *Gerald v. Locksley*, 849 F.Supp.2d 1190, 1223–24 (D. N.M. 2011) (using the words "harassment" and "hostile work environment" interchangeably when describing the plaintiff's complaint).

[11] Fed. R. Civ. P. 12(b)(1).

[12] *United States ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1278 (10th Cir. 2001)

[13] *Morgan*, 536 U.S. at 114; *Shikles v. Sprint/United Mgt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005); *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003); *Fulcher v. City of Wichita*, 2009 WL 6832587 (D. Kan. 2009), *aff'd* 387 Fed. App'x 861 (10th Cir. 2010).

[14] *MacKenzie v. City and Cty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005).

the plaintiff to allege sufficient facts that he or she exhausted the applicable administrative remedies.[15]

Title VII prohibits an employer from discriminating or retaliating against an individual based upon that person's race, color, religion, sex, or national origin.[16] To exhaust administrative remedies under Title VII, a claimant must present his or her claims to the EEOC or the authorized state agency—the KHRC in this case—and receive a right-to-sue letter on the claims presented to the agency.[17] In Kansas, the claimant has 300 days from the alleged violation of Title VII to file his or her claims with the EEOC or KHRC.[18] In the Tenth Circuit, courts liberally interpret charges filed with the EEOC when deciding whether administrative remedies have been exhausted.[19]

Title VII claims filed with an administrative agency must contain facts that address each alleged act of discrimination.[20] Hostile environment claims, however, are unique from discrete discriminatory acts "such as termination, failure to promote, denial of transfer, or refusal to hire."[21] A hostile environment involves multiple acts of discrimination that occur over the

---

[15] *See Shikles*, 426 F.3d at 1317; *see also McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).

[16] 42 U.S.C. § 2000e-2(a)(1).

[17] *Fulcher,* 2009 WL 6832587, at 2 (citing *Zhu v. Fed. Hous. Fin. Bd.*, 389 F. Supp. 2d 1253, 1276 (D. Kan. 2005)).

[18] *Id.*

[19] *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007).

[20] *Morgan,* 536 U.S. at 114.

[21] *Id.*

course of many days, months, or even years.[22] When taken together, these acts constitute one unlawful employment practice.[23]

Due to the continuing nature of these claims, the Supreme Court has held that a hostile-work-environment claim need not be based solely on acts committed within the 300-day administrative filing deadline.[24] Instead, federal courts may consider acts contributing to the hostile-work-environment claim that fall outside the 300-day deadline so long as at least one contributing act occurred within the 300-day deadline.[25] Nevertheless, a hostile-work-environment claim that was not first brought before an administrative agency will not survive if the claim cannot reasonably be expected to arise from timely claims filed with the administrative agency.[26]

In his pleadings, Gilkey did not allege any facts that would suggest that his EEOC charge included a hostile-work-environment claim. Gilkey's EEOC filing alleges (1) that he was terminated for not being "100% of plan," (2) that "white RSC employees who were not 100% to plan were not discharged," and (3) that he was discriminated against "by being discharged because of [his] race, black-African American and retaliation."[27] Reviewing these statements,

---

[22] *Id.* at 115–17.

[23] *Id.* at 117.

[24] *Id.* at 118, 120–121.

[25] *Id.*

[26] *See* Jones, 502 F.3d at 1186.

[27] Def. Mem. in Support of Def. Protection One's Partial Mot. to Dismiss, Doc. 11, p. 2; EEOC Charge, Doc. 28-14, at 4.

the Court finds that the EEOC charge does not contain any explicit assertion that Gilkey was subjected to a hostile work environment.[28]

Likewise, Gilkey has not asserted any facts that indicate that a hostile-work-environment claim is reasonably expected to arise from the allegations contained in the EEOC charge.[29] Reviewing the EEOC complaint, Gilkey only references one action taken against him by Protection One—his termination. Gilkey does not allege in his EEOC charge that any other harassing events occurred in the workplace. Therefore, the statements in Gilkey's EEOC charge would not lead a reasonable person to suspect that a claim of a hostile work environment would arise from Gilkey's allegations. Consequently, Gilkey's EEOC complaint did not raise a hostile-work-environment claim. Gilkey therefore failed to exhaust the administrative remedies available to him on his claim(s) of harassment/hostile work environment, and the Court must dismiss them for lack of subject-matter jurisdiction.

**B.     Summary Judgment on Title VII Claims of Retaliation and Wrongful Termination**

Protection One seeks summary judgment on Gilkey's claims that he was unlawfully terminated (1) as an act of retaliation, and (2) on the basis of his race. Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[30] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a

---

[28] In his Complaint submitted to this Court, Gilkey alleges that, during a sales in June 2010, a district sales manager introduced Gilkey to the other representatives, a sales trainer asked whether he had heard Gilkey's name before, and the district sales manager responded, "Where in jail?" Compl., Doc. 1, at 7. Presumably, Gilkey believes this comment was meant as a racial slight. But this allegation was not included in Gilkey's EEOC charges. Furthermore, given that this conversation took place over the phone, it is unclear whether the district sales manager even knew that Gilkey is black.

[29] *See Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1181 (10th Cir. 2006).

[30] Fed. R. Civ. P. 56(c).

reasonable jury to decide the issue in either party's favor.[31] The movant bears the initial burden of proof, and must show the lack of evidence on an essential element of the claim.[32] The nonmovant must then bring forth specific facts showing a genuine issue for trial.[33] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[34] The court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[35]

When a plaintiff alleges a claim of racial discrimination or retaliation under Title VII but cannot produce any direct evidence of discrimination, the Court applies the *McDonnell Douglas* burden-shifting analysis.[36] Under that framework, the plaintiff bears the burden of establishing a prima facie case of discrimination or retaliation.[37] If the plaintiff meets the initial burden, the burden shifts to the defendant to show legitimate, non-discriminatory or non-retaliatory reason for its actions.[38] If the defendant provides such a reason, then the burden returns to the plaintiff who must show that the defendant's stated reasons are a pretext for improper intent.[39]

---

[31] *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[32] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[33] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[34] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000)(citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[35] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[36] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1972); *see also Antonio*, 458 F.3d at 1181 (applying the *McDonnell Douglas* analysis to claims of harassment and retaliation under Title VII).

[37] *Antonio*, 458 F.3d at 1181.

[38] *Id.*

[39] *Id.*

*1.     Wrongful Termination*

In the present case, Gilkey has failed to establish a prima facie case of wrongful termination on the basis of race.  To establish a prima facie case for discriminatory discharge, a plaintiff must show that "(1) he belongs to a protected class; (2) he was qualified for his job; (3) despite his qualifications, he was discharged; and (4) the job was not eliminated after his discharge."[40]  Gilkey has not carried his burden to show that he was qualified for his job.  Gilkey admits that he failed to meet his RMR goals, and that his failure to do so was the motivating force behind Protection One's decision to terminate him.  By failing to meet this initial burden, Gilkey has not shown that a genuine issue of material fact exists as to his claim of wrongful termination.

*2.     Retaliation*

Likewise, Gilkey has not carried his burden to show that he was the victim of retaliation.  To establish a prima facie case for retaliation, a plaintiff must show that "(1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."[41]  In this case, Gilkey engaged in protected actions when he submitted an internal grievance and when he filed an EEOC complaint against Protection One.[42]  Gilkey suffered materially adverse employment action when he was terminated.  But Gilkey has not shown that his protected actions were causally connected to his

---

[40]  *Hysten v. Burlington N. & Santa Fe Ry. Co.*, 296 F.3d 1177, 1181 (10th Cir. 2002) (citation and quotation marks omitted).

[41]  *See Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F. 3d 1193, 1202 (10th Cir. 2006).

[42]  *Wells v. Colorado Dep't of Transp.*, 325 F.3d 1205 (10th Cir. 2003) (stating that filing an internal grievance and an EEOC charge were both protected activities).

termination. First, Gilkey's EEOC charge was filed *after* his termination and therefore cannot serve as the basis for any claim of retaliation. Second, Protection One provided affidavits from Delloma and Scott—the two individuals responsible for the decision to terminate Gilkey—testifying that they had no knowledge of Gilkey's internal complaint at the time they decided to terminate him. According to the affidavits, Delloma and Scott were excluded from accessing the internal grievance because Gilkey listed both of them in the complaint. Gilkey's argument that Scott *should have known* about the EthicsPoint complaint is insufficient to contradict the affiants' testimony that they had no actual knowledge of the complaint.[43] Because the individuals who made the decision to terminate Gilkey were unaware of the internal grievance, it cannot serve as the proximate cause of Gilkey's termination. With no causal connection, no reasonable jury could find that Gilkey's termination was an act of retaliation.

Furthermore, even if Gilkey had established a prima facie case of discrimination or retaliation, Protection One has presented a neutral explanation for its actions that Gilkey has not rebuffed. Protection One asserts that Gilkey was not terminated because of his race, but due to his failure to meet sales goals. Gilkey has not shown, or attempted to show, that Protection One's neutral reason for termination is merely pretext. Therefore, Gilkey has not met his burden under *McDonnell Douglas* to show that a genuine issue of fact exists for trial on his claims of retaliation and wrongful termination.

---

[43] *See Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1267 (10th Cir. 2009) (stating in an ADA case, that "[t]o establish causation in an ADA retaliation action, however, a plaintiff must also demonstrate that the *individual* who engaged in a materially adverse action knew about the protected activity").

**IT IS ACCORDINGLY ORDERED** this 29th day of March, 2013, that Defendant's Motion to Dismiss (Doc. 10) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 27) is hereby **GRANTED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE