# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHRISTOPHER J. GILKEY,

    *Plaintiff,*

vs.

PROTECTION ONE ALARM
MONITORING, INC.,

    *Defendant.*

Case No. 12-1150-EFM

## MEMORANDUM AND ORDER

Plaintiff Christopher J. Gilkey filed this employment discrimination lawsuit against his former employer, Defendant Protection One Alarm Monitoring, Inc. Gilkey alleged that he was subject to retaliation, wrongful termination, harassment, and a hostile work environment by his former coworkers at Protection One in Wichita, Kansas. The Court granted Protection One's motion to dismiss Gilkey's harassment/hostile-work-environment claim and granted summary judgment on Gilkey's retaliation and wrongful termination claims. The Tenth Circuit affirmed the Court's rulings as to these claims. Nevertheless, Gilkey now requests that the Court reopen the case on the grounds that Gilkey "made a harmless error" in omitting his EEOC intake questionnaire.[1]

---

[1] Notice for Case to be Reopened, Doc. 39, at ¶ 1.

The Court has broad discretion to reopen a case to accept additional evidence, and "fairness is the key criterion in determining whether to reopen."[2] Gilkey does not offer any legal arguments to support his motion to reopen his case; he simply attached a copy of his EEOC intake questionnaire, claiming it "shows he had exhausted his administrative remedies and that this [C]ourt has [j]urisdiction over his claims."[3] The Court dismissed Gilkey's harassment/hostile-work-environment claim on the grounds that Gilkey failed to exhaust his administrative remedies because he did not explicitly raise that claim in his EEOC complaint. The Court assumes that Gilkey contests the Court's ruling on that issue. But nothing in the complaint Gilkey that provided would alter the Court's holding that Gilkey failed to allege facts that could reasonably be expected to give rise to a claim of harassment/hostile work environment. Consequently, the Court sees no reason to reopen Gilkey's case against Protection One.

**IT IS ACCORDINGLY ORDERED** this 27th day of August, 2013, that Plaintiff's Motion to Reopen Case (Doc. 39) is hereby **DENIED**.

**IT IS SO ORDERED**.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[2] *Smith v. Rogers Galvanizing Co.*, 148 F.3d 1196, 1197–98 (10th Cir. 1998) (internal quotation marks and citation omitted).

[3] Notice for Case to be Reopened, Doc. 39, at ¶ 1.