IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER J. GILKEY,  )
                         )
        *Plaintiff*,     )
                         )
v.                       )   Case No. 12-1150-EFM
                         )
PROTECTION ONE ALARM     )
MONITORING, INC.,        )
                         )
        *Defendant*.     )
_____)

MEMORANDUM AND ORDER

Plaintiff has lost summary judgment, filed a motion to reopen the case following an order by the Tenth Circuit affirming that case, sought reconsideration of the Court's Order denying the motion to reopen the case, and filing another motion for reconsideration which was denied. In the last two orders, the Court specifically admonished the Plaintiff that the case was over and that no further motions should be filed, and then warned the Plaintiff that further filings by him would subject him to sanctions. Nevertheless, the Plaintiff has now filed yet another "Motion for Relief on all Said Claims" (Doc. 47) which is nothing more than a restatement of his prior filings. This motion is denied as duplicative and without merit.

The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to process an action that is frivolous or malicious.[1] This Court has the authority to enjoin litigants who abuse the court process through vexatious

---

[1] *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

and harassing litigation.[2] In deciding whether to limit a litigant's future access to the court, the following five factors are to be evaluated:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.[3]

The Court warned Plaintiff in its November 22, 2013 order that further filings would subject him to sanctions. Ironically, on the day before that order, Judge Robinson of this Court issued a similar order to Plaintiff in a different case similarly warning him. Plaintiff has disregarded these admonitions. The Court finds upon review of the above factors that filing restrictions on Plaintiff are appropriate, given his persistent actions, to protect the Court and the Defendant from needless time and expense. Because Plaintiff has previously been warned, no further warnings are appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff Christopher Gilkey is enjoined from making any further pro se filings with the Court in this case, without first obtaining leave of Court. Plaintiff shall submit any proposed filings in this case to the Clerk of the Court, who will forward the proposed filings to a judge of this Court for determination of whether the proposed filing is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an order denying it. This restriction is effective immediately.

---

[2] 28 U.S.C. § 1651, *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).
[3] *Gilkey v. ADT Security Services, Inc.,* 2013 WL 6154595 (D. Kan. November 21, 2013) (citations omitted).

**IT IS FURTHER ORDERED**, that Plaintiff's Motion for Relief (Doc. 47) is hereby **DENIED.**

**IT IS SO ORDERED.**

Dated this 18th day of March, 2014.

                                                ERIC F. MELGREN
                                                UNITED STATES DISTRICT JUDGE